IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUSAN MARIE SHELDON,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | CIVIL ACTION NO. 3:11cv1126-WC |
| v.           ) | |
| ) | |
| CAROLYN W. COLVIN,           ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant.           ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Susan Marie Sheldon, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision, on May 1, 2009, in which he found Plaintiff not disabled.  Tr. 109.  The Appeals Council granted Plaintiff's request for review of the ALJ's decision and issued an order vacating the hearing decision and remanding the case to an ALJ for further proceedings.  Tr. 111.  A different ALJ held a supplemental hearing on February 1, 2010.  Following the 2010 hearing, the ALJ issued an unfavorable decision in which he found Plaintiff not disabled from March 1, 2006 through the date of his decision.  Tr. 35.  The Appeals Council rejected Plaintiff's request for review of the 2010 decision.  Tr. 1-3.  The ALJ's 2010 decision

consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 8).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

**II.    STANDARD OF REVIEW**

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-three years old at the time of the second hearing before an ALJ. Tr. 48. Plaintiff completed the ninth grade and has a GED. Tr. 49. Plaintiff's past relevant work experience was as a "waitress-informal" and "newspaper inserter." Tr. 33. Following the 2010 administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since March 1, 2006, the alleged onset date." (Step 1) Tr. 22. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "depressive disorder NOS, anxiety disorder, osteoarthritis, hypothyroidism, chronic obstructive pulmonary disease, hypertension, morbid obesity, old fracture of right patella, and diffuse arthralgia." *Id.* The ALJ then found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3)  Tr. 27.  Next, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with both hands she can continuously reach (including overhead), handle, finger, feel, and push/pull: with both feet continuously operate foot controls; occasionally climb stairs and ramps, climb ladders or scaffolds, balance, stoop, kneel, crouch, and crawl; continuously work in environments with unprotected heights and around moving mechanical parts; frequently work in environments with humidity and wetness; occasionally work in environments with dust, odors, fumes and pulmonary

irritants; continuously work in environment with extreme cold/heat and vibrations; and work in environments with loud (heavy traffic) noise. The claimant experiences a moderate degree of pain. The claimant has a moderate limitation in the ability to respond appropriately to supervisors; a moderate limitation of the ability to respond appropriately to co-workers; a moderate limitations of the ability to respond appropriately to customers or other members of the general public; no limitation of the ability to use judgment in simple one or two step work-related decisions; a moderate limitation of the ability to use judgment in detailed or complex work-related decisions; a moderate limitation of the ability to deal with changes in a routine work setting; no limitation of the ability to understand, remember, and carry out simple, one and two-step instructions; a moderate limitation of the ability to understand, remember and carry out detailed or complex instructions; a moderate limitation of the ability to maintain attention, concentration, or pace for periods of at least two hours; a moderate limitation of the ability to maintain social functioning; and a mild limitation of the ability to maintain activities of daily living. The claimant has experienced no episodes of decompensation, each of extended duration.

Tr. 29. At Step 4, and after consulting with a VE, the ALJ found that Plaintiff "is capable of performing past relevant work as a Waitress-informal (semi-skilled, light) and Newspaper Inserter (unskilled, light). This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." Tr. 33. However, the ALJ continued on the Step 5 and found that "[a]lthough [Plaintiff] is capable of performing past relevant work, there are other jobs existing in the national economy that she is also able to perform." Tr. 34. The ALJ determined that, considering Plaintiff's "age, education, work experience, and [RFC]," and after consulting the VE, Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," including: "Assembler (unskilled, light)," "Hand Packer (unskilled, light)," and "Mail Sorter (unskilled, light)." (Step 5) Tr. 35. Accordingly, the ALJ determined that

Plaintiff "has not been under a disability . . . from March 1, 2006, through the date of this decision." *Id*.

## IV.     PLAINTIFF'S CLAIM

Plaintiff presents a single issue for this court's consideration in review of the ALJ's decision: "[w]hether the ALJ erred in finding that the claimant is capable of performing past relevant work as a waitress (semi-skilled, light) and newspaper inserter (unskilled, light)." Pl.'s Br. (Doc. 11) at 5.

## V.      DISCUSSION

Plaintiff contends that "[t]he only credible evidence regarding [Plaintiff's] ability to perform light work is contained in the [RFC] Evaluation prepared by Dr. Alan M. Babb which stated the [Plaintiff] could only stand for one hour at a time and for a total of four hours in an eight hour day, and walk for one hour at one time for a total of four hours in an eight hour day." Pl.'s Br. (Doc. 11) at 6. Plaintiff argues that "[t]he ALJ therefore committed error in finding [Plaintiff] capable of performing her past relevant work as a waitress or newspaper inserter because she cannot stand or walk for the required 6 hours out of an 8 hour work day." *Id*. Based on this assertion, Plaintiff contends that "the only work, if any, she could perform would be sedentary work." *Id.*

Upon review of the record, the court finds no error. Dr. Babb's RFC evaluation is consistent with the Social Security Regulations. As Plaintiff's own brief states, citing to the Social Security Regulations, "the full range of light work requires standing *or* walking, off

and on, for a total of approximately six hours out of an eight hour work day." Pl.'s Br. (Doc. 11) at 6 (citing SSR 83-10) (emphasis added). Light work does not require Plaintiff to stand *and* walk for a total of six hours *each*, as this would presume a twelve hour day. Rather, light work requires that the Plaintiff be able to stand or walk for a cumulative total of six hours. In this case, Dr. Babb's assessment found that Plaintiff can walk and stand for four hours each–a total of eight hours–and his assessment is, therefore, consistent with the Social Security Regulations, which only require a total of six hours. As Defendant points out, Plaintiff's reading of the definition of light work "would require the ability to perform work for more than the eight hours per day contemplated in the definition of full-time work." Def.'s Br. (Doc. 12) at 5. Thus, Dr. Babb's assessment is consistent with the ALJ's determination that Plaintiff could perform light work with some limitations.

Plaintiff also argues that she "was in the category of closely approaching advanced age at the time of both hearings" as she was 51 at the time of the first hearing and 53 at the time of the second hearing. Pl.'s Br. (Doc. 11) at 7. Thus, Plaintiff argues, "[i]f the Claimant was limited to sedentary work and in the category of closely approaching advanced age, a finding of disabled is mandated by Rules 201.9, 201.10 and 201.12 of the Medical Vocational Guidelines since the Claimant does not have transferable skills." *Id.* Plaintiff's argument hinges on her contention that she is limited to performing sedentary work. However, because the Grids are limited to individuals who retain a maximum sustained work capability limited to sedentary work, the Grids are inapplicable to this case because, as

discussed above, Plaintiff's maximum sustained work capability is *not* limited to sedentary work.[5]  Accordingly, this argument also fails.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 18th day of July, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's RFC is clearly beyond the capacity for a full range of sedentary work.  *See* SSR 96–9p ("the full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8–hour workday").